IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM R. RONGEY, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ANSELMO LINDBERG & ASSOCIATES LLC,<br><br>    Defendant. | Case No.   1:18-cv-04613 |

**CLASS ACTION COMPLAINT**

NOW COMES Plaintiff, WILLIAM R. RONGEY, individually, and on behalf of all others similarly situated, by and through his attorneys, Joseph S. Davidson and Mohammed O. Badwan, of SULAIMAN LAW GROUP, LTD., pursuant to Fed. R. Civ. P. 23 asserting the following class action claims against Defendant, ANSELMO LINDBERG & ASSOCIATES LLC:

**NATURE OF ACTION**

1.    This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, individually, as well as on behalf of all others similarly situated, seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*.

**JURISDICTION, PARTIES AND VENUE**

2.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to Plaintiff' FDCPA claims.

3.    WILLIAM R. RONGEY ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

1

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) as he is a natural person obligated or allegedly obligated to pay a debt.

5. ANSELMO LINDBERG & ASSOCIATES ("Defendant") is a domestic limited liability company with its principal place of business in Naperville, Illinois.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

7. The principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

8. On information and belief, Defendant transmits hundreds of debt collection letters from its principal place of business.

9. Alternatively, Defendant transmits hundreds of debt collection letters to residents of this judicial district.

10. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

11. On September 26, 2016, Plaintiff executed a mortgage (the "Mortgage") in favor of Guaranteed Rate, Inc. ("Guaranteed Rate").

12. The Mortgage secured the purchase of Plaintiff's personal residence located at 38W460 Burr Oak Lane, Saint Charles, Illinois 60175 (the "Property").

13. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $372,099.00 (the "Loan").

14. The Loan provides for late fees when a monthly payment has not been made within fifteen days of the date on which it was due.

15. Guaranteed Rate sold, assigned and transferred the Mortgage to Freedom Mortgage Corporation ("Freedom Mortgage").

16. On December 1, 2017, Plaintiff defaulted on the Mortgage by failing to make monthly installments due under the Loan.

17. Freedom Mortgage accelerated all the payments owing under the Loan, and referred the Mortgage to Defendant for foreclosure.

18. Upon acceleration, the entire balance became due, and no further monthly payments became due.

19. Freedom Mortgage was therefore no longer required to incur administrative expenses in handling late payments.

20. Accordingly, it would follow then that Plaintiff could not have "failed" to make post-acceleration payments.

21. On April 30, 2018, Defendant provided Plaintiff with "Notice Pursuant to Fair Debt Collection Practices Act (the "Notice").

22. The Notice stated:

> 4. As of May 11th, 2018, the amount of the above debt is $372,598.11. Because of interest, *late charges* and other charges that may vary from day to day, the amount due on the day you pay may be greater. (emphasis added).

23. A true and correct representation of the Notice is shown below:



IL | IN | OH | KY | MI

## ANSELMO LINDBERG & ASSOCIATES LLC
### ATTORNEYS AT LAW

CORPORATE OFFICE:
1771 WEST DIEHL ROAD, SUITE 120, NAPERVILLE, ILLINOIS 60563-1890
P.O. BOX 3228, NAPERVILLE, ILLINOIS 60566-9714
MAIN: (630) 453-6960 FAX: (630) 428-4620 TOLL FREE: (866) 402-8661

400 TECHNECENTER DRIVE, SUITE 111, CINCINNATI, OHIO 45150
MAIN: (630) 453-6960 FAX: (630) 428-4620 TOLL FREE: (866) 402-8661

April 30, 2018

William R. Rongey
38W460 Burr Oak Lane
Saint Charles, IL 60175

Re: 38W460 Burr Oak Lane, Saint Charles, Illinois 60175
    Account Number: XXXXXX8719
    Our File Number: F18040159

You are hereby informed of the following:

1. This is an attempt to collect a debt and any information obtained will be used for that purpose.

2. This office is a debt collector and represents the holder of a Mortgage and Note on the above captioned property.

3. Freedom Mortgage, as servicing agent for the investor Government National Mortgage Association II, is the creditor to whom the debt is owed.

4. As of May 11th, 2018, the amount of the above debt is $372,598.11. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after our client receives your check, in which event either our firm or our client will inform you before depositing the check for collection. For further information, write the undersigned or call (866) 402-8661.

    24. A true and correct representation of the Notice is attached as Exhibit A.

    25. $372,598.11 represents an acceleration of all the payments owing under the Loan.

26. At no time, did Plaintiff invoke his right under the Mortgage to reinstate.

27. Exhibit A is a "communication" as defined by 15 U.S.C. § 1692a(2) as the document conveys information regarding the debt allegedly owed directly to Plaintiff.

28. Exhibit A attempted to collect monies owed by Plaintiff on the Loan.

29. By transmitting Exhibit A to Plaintiff, Defendant attempted to collect debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

## INDIVIDUAL CLAIMS FOR RELIEF

### Count I:
### Violation of 15 U.S.C. § 1692e

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. The indebtedness allegedly owed to Freedom Mortgage is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The collection of late fees after a mortgage note has been accelerated is impermissible. *See Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 793 n.1 (7th Cir. 2003) (citing sixteen cases for the proposition that "a lender cannot demand payment of late fees for failure to make monthly payments after the loan has been accelerated.").

33. The underlying logic of these cases is simple: once the borrower is in default and the loan is accelerated, the full amount of the loan becomes due immediately, and there remains no obligation by the borrower to continue making monthly payments. In the absence of an obligation to make monthly payments, payments cannot be "late."

34. Defendant's statement that "the amount due on the day you pay may be greater" because of late charges is deceptive, false, and misleading once the loan is accelerated and Plaintiff

have failed to reinstate the Mortgage and the Loan because it creates the false impression that Plaintiff are subject to impermissible late fees.

35. Defendant violated 15 U.S.C. §§ 1692e and e(2) by making deceptive, false, or misleading representations in the Notice mailed to Plaintiff as to the amount of debt owed by Plaintiff when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

36. Defendant violated 15 U.S.C. § 1692e(5) by threatening the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

37. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means by threatening the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

38. Defendant violated 15 U.S.C. § 1692e, e(2), e(5), and e(10); and therefore Plaintiff is entitled to recover damages and costs of the action, together with reasonable attorney's fees.

39. Section 1692k of the FDCPA provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

\*\*\*

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692e, e(2), e(5), and e(10);

B. an order enjoining Defendant from further violation(s) of 15 U.S.C. § 1692e, e(2), e(5), and e(10);

C. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

D. an award of such additional damages, as the Court may allow, but not exceeding $1,000;

E. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

40. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class").

**A. Numerosity.**

42. On information and belief, Defendant mailed this Notice out to Illinois consumers on no less than 40 occasions.

43. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

### B. Typicality.

44. Plaintiff's claims are typical of the claims of other members of the Putative Class.

45. On information and belief, Defendant's business records will show that they mailed this Notice to borrowers on behalf of multiple lenders.

46. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to statutory damages as result of Defendant's conduct.

### C. Commonality and Predominance.

47. There are common questions of fact and law with the claims of Plaintiff and the Putative Class.

48. These common questions of fact and law are whether Defendant threatened the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

49. These common questions of fact and law are subject to common proof through review of Defendant's business records.

50. These common questions of fact and law are answerable for the entirety of the Putative Class.

51. These common questions of fact and law predominate over any questions that may affect individual members of the Putative Class.

### D. Superiority and Manageability.

52. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

53. Joinder of all parties is impracticable.

54. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution of Defendant's unlawful collection activities.

55. Even if individual members of the Putative Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties and courts.

56. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

57. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation.

58. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

59. Plaintiff has retained counsel competent and experienced in consumer class actions.

60. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

## CLASS CLAIMS FOR RELIEF

### Count II:
### Violation of 15 U.S.C. § 1692e

61. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

62. The collection of late fees after a mortgage note has been accelerated is impermissible. *See Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 793 n.1 (7th Cir. 2003) (citing sixteen cases for the proposition that "a lender cannot demand payment of late fees for failure to make monthly payments after the loan has been accelerated.").

63. The underlying logic of these cases is simple: once the borrower is in default and the loan is accelerated, the full amount of the loan becomes due immediately, and there remains no obligation by the borrower to continue making monthly payments. In the absence of an obligation to make monthly payments, payments cannot be "late."

64. Defendant's statement that "the amount due on the day you pay may be greater" because of late charges is deceptive, false, and misleading once the loan is accelerated and members of the Putative Class have failed to reinstate the Mortgage and the Loan because it creates the false impression that members of the Putative Class are subject to additional late fees that cannot be charged to the Loan due to the absence of a monthly payment obligation after acceleration and before reinstatement.

65. Defendant violated 15 U.S.C. §§ 1692e and e(2) by making deceptive, false, or misleading representations in the Notice mailed to members of the Putative Class as to the amount of debt owed by members of the Putative Class when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

66. Defendant violated 15 U.S.C. § 1692e(5) by threatening the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

67. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in threatening the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

68. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10); and therefore members of the Putative Class are entitled to recover damages and costs of the action, together with reasonable attorney's fees.

69. As set forth above, Plaintiff can satisfy the elements of Fed. R. Civ. P. 23, including numerosity.

70. The Putative Class is defined as follows:

All natural persons residing in the State of Illinois who (a) within the one (1) year prior to the filing of the original complaint and during its pendency (b) received the same or a substantially similar letter as the letter attached hereto as Exhibit A (c) providing "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater" (d) where the amount sought represents an acceleration of indebtedness and (e) where the borrower(s) did not invoke their right under the Mortgage to reinstate.

71. Excluded from the Putative Class are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents, predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge or Magistrate Judge to whom this case is assigned, as well as the Judge or Magistrate Judge's immediate family; (3) persons who execute

and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiff and Counsel for Defendant.

72. Members of the Putative Class will be identified through discovery of Defendant's business records.

73. Section 1692k of the FDCPA provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court."

**WHEREFORE**, Plaintiff, on behalf of members of the Putative Class requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representatives, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B. a finding that Defendant violated 15 U.S.C. § 1692e, e(2), e(5), and e(10);

C. an order enjoining Defendant from further violation(s) of 15 U.S.C. § 1692e, e(2), e(5), and e(10);

D. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

E. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

July 3, 2018  Respectfully submitted,

*/s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for William R. Rongey*