**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM R. RONGEY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ANSELMO LINDBERG & ASSOCIATES, LLC,<br><br>Defendant. | Case No. 1:18-cv-04613<br><br>Honorable Judge Jorge L. Alonso |

**MOTION FOR ENTRY OF JUDGMENT**

**NOW COMES** the Plaintiff, WILLIAM R. RONGEY ("Plaintiff"), by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 68, seeking the entry of judgment against Defendant ANSELMO LINDBERG & ASSOCIATES, LLC ("Anselmo"), and in support thereof, stating as follows:

**I. Background**

1. On July 3, 2018, Plaintiff filed a class action complaint seeking redress for Anselmo's violations of the Fair Debt Collection Practices Act ("FDCPA"). [Complaint, Dkt. 1]

2. Specifically, Plaintiff alleged that Anselmo violated the Sections 1692e, e(2), e(5), and e(10) of the FDCPA by falsely implying that late charges can be assessed against Plaintiff's mortgage loan, when in fact no such charges can be assessed as a matter of law. [Dkt. 1, ¶¶ 18-20, 32]

3. The collection of late fees after a mortgage note has been accelerated is impermissible. *See Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 793 n.1 (7th Cir. 2003) (citing sixteen

1

cases for the proposition that "a lender cannot demand payment of late fees for failure to make monthly payments after the loan has been accelerated.") [Dkt. 1, ¶32]

4. The underlying logic of these cases is simple: once the borrower is in default and the loan is accelerated, the full amount of the loan becomes due immediately, and there remains no obligation by the borrower to continue making monthly payments. In the absence of an obligation to make monthly payments, payments cannot be "late." *Id.* [Dkt. 1, ¶32]

5. Anselmo declined to file a motion to dismiss the Complaint and answered on September 13, 2018. [Dkt. 18]

6. Recognizing that this case was filed as a class action, Anselmo's Third Affirmative Defense to its Answer stated that "additional affirmative defenses may exist as to individual class members in the event (and to the extent) a class is certified". Anselmo's Third Affirmative Defense listed six (6) purported affirmative defenses: "the Voluntary Payment Doctrine, res judicata, litigation privilege, the Rooker-Feldman Doctrine, class members who filed for Chapter 7 bankruptcy, estoppel, and other individual defenses not presently known." [Dkt.18, pg. 19]

## II. Discovery and Efforts to Resolve the Case

7. The parties issued discovery. Notably, Plaintiff asked Anselmo to fully explain the factual basis for its Third Affirmative Defense. Plaintiff found that Anselmo's original discovery answers were deficient and thereafter Plaintiff prepared a lengthy Local Rule 37.2 email which resulted in Anselmo issuing supplemental answers. Yet again, Anselmo's supplemental discovery answers were deficient and Plaintiff sent a detailed Local Rule 37.2 email to Anselmo's counsel. This resulted in a second supplemental discovery response and a third Local Rule 37.2 email to Anselmo's counsel. Anselmo's 30(b)(6) deponent clarified and offered to amend prior discovery answers which resulted in Anselmo issuing a third supplemental discovery response. This third

supplemental discovery response provided a detailed breakdown of the numbers of persons that it alleged were susceptible to the previously asserted affirmative defenses.

8. Plaintiff answered discovery and was deposed.

9. Anselmo did not move for summary judgment after the close of discovery.

10. Thereafter, on May 31, 2019, Plaintiff crafted a class based demand based upon Anselmo's third supplemental discovery responses. Plaintiff's class based demand relied on well-recognized cases which have approved FDCPA class settlements where a debt collector's net worth was modest or low. Notably, Plaintiff's class based demand would have resulted in a higher payout than those approved by other courts.

11. On June 17, 2019, Anselmo made a counter-offer, but declined to make a class based settlement offer. When Plaintiff offered to reduce its prior class based settlement demand, Anselmo's counsel indicated that Anselmo was not interested in classwide settlement.

12. On July 23, 2019, Anselmo submitted an offer of judgment to Plaintiff in the amount of $1,100.00, exclusive of attorney's fees and costs. *See* Exhibit A attached hereto, a true and correct copy of Anselmo's offer of judgment.

13. On August 6, 2019, due to circumstances independent of the merits of the case, Plaintiff accepted Anselmo's offer of judgment. [Dkt. 55.]

14. By accepting the offer of judgment, Plaintiff became the prevailing party, thus entitling him to his attorney's fees and costs pursuant to Section 1692k(a)(3) of the FDCPA. *See Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009) (A plaintiff who prevails under the FDCPA is entitled to an award of costs and reasonable attorneys' fees and costs).

15. On August 21, 2019, in an effort to settle the attorney's fees and costs without going through the lengthy and onerous fee petition process, Plaintiff made a settlement demand to Anselmo ("Plaintiff's Demand").

16. On August 26, 2019, despite zealously defending this case and causing Plaintiff to incur significant attorney's fees, Anselmo rejected Plaintiff's Demand and submitted a trifling counter-offer.

### III. Argument

17. The entry of judgment against Anselmo is appropriate because "Rule 68 operates automatically, requiring that the clerk 'shall enter judgment' upon the filing of an offer, notice of acceptance, and proof of service." *Webb v. James,* 147 F.3d 617, 621 (7th Cir. 1998).

18. Moreover, the language of Rule 68 "removes discretion from the clerk or the trial court as to whether to enter judgment upon the filing of the accepted offer." *Id.*

19. Here, all the prerequisites of the entry of the judgment have been satisfied. Specifically, the offer, acceptance of the offer, and the proof of service have all been filed. [Dkt. 55].

20. The Court must now enter judgment against Anselmo because the "[e]ntry of a Rule 68 judgment is ministerial rather than discretionary" and "the district court has no discretion to alter or modify the parties' agreement." *Id.*

21. Based on the foregoing, the entry of judgment in Plaintiff's favor and against Anselmo is warranted.

22. The entry of the judgment will trigger the deadlines set forth in Local Rule 54.3 with respect to Plaintiff's formal petition for fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

a. Enter a judgment against Anselmo in the amount of $1,100.00 pursuant to Fed. R. Civ. P. Rule 68;

b. Order Anselmo to submit the payment of $1,100.00 in Plaintiff's name to Plaintiff's counsel post haste; and

c. Order the parties to comply with the procedures set forth in Local Rule 54.3 with respect to Plaintiff's petition for attorney's fees and costs.

Dated: September 12, 2019            Respectfully submitted,

*/s/ James C. Vlahakis*
James C. Vlahakis

*/ Mohammed O. Badwan*
Mohammed O. Badwan

*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8180 (phone)
(630) 575-8188 (fax)
jvlahakis@ sulaimanlaw.com
mbadwan@sulaimanlaw.com