**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM R. RONGEY, individually, and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 1:18-cv-04613 |
| vs. | District Judge Jorge L. Alonso |
| ANSELMO LINDBERG & ASSOCIATES, LLC, | Magistrate Judge Gabriel A. Fuentes |
| Defendant. | |

## <u>ORDER</u>

On Thursday, September 19, 2019, the parties appeared before this Court with regard to Plaintiff's Motion for Entry of Judgment Pursuant [Dkt. 57] and Defendant Anselmo Lindberg & Associates LLC's Motion For Instructions Pursuant to L.R. 54.3(g) [Dkt. 59]. The Court having heard argument from the parties, finds as follows:

1. On July 3, 2018, Plaintiff filed a class action complaint against Anselmo Lindberg & Associates LLC ("Anselmo") pursuant to the Fair Debt Collection Practices Act ("FDCPA") [Complaint, Dkt. 1].

2. On July 23, 2019, Anselmo submitted an offer of judgment to Plaintiff in the amount of $1,100.00, exclusive of attorney's fees and costs [Dkt. 57, ¶12].

3. Plaintiff accepted Anselmo's Offer of Judgment on August 6, 2019 [Dkt. 55].

4. The parties have informed this Court that the parties were unable to come to agreement as to Plaintiff's request for attorney's fees and costs which are otherwise allowable pursuant to Section 1692k(a)(3) of the FDCPA [Dkt. 57, ¶¶14-16; Dkt. 59, ¶5].

1

5.      Absent agreement by the parties or court order, the entry of the judgment will trigger the deadlines with respect to a plaintiff's formal petition for fees and costs. See, Local rule 54.3(b) and 54.3(d)(4)-(5).

6.      Plaintiff's Motion for Entry of Judgment asked this Court to require Defendant Anselmo to tender the agreed to judgment "post haste" [Dkt. 57].

7.      Anselmo filed a Motion For Instructions Pursuant to L.R. 54.3(g), wherein it argued the following: "Defendant respectfully submits that the rigors of Local Rule 54.3 are not necessary in this extremely straightforward fee petition that involves an award of attorneys' fees and costs in an individual FDCPA case in which judgment was agreed to on the basis of an individual claim based on one letter." Dkt. 59, ¶ 8.

8.      Anselmo's Motion "request[ed] instructions from this Court in the best and most efficient manner in which to proceed on the fee petition" and asked this Court to submit the parties to a settlement conference before the assigned magistrate judge" [Dkt. 59, ¶13]. Alternatively, Anselmo asked that "plaintiff merely file a petition for attorney fees, with the defendant given an opportunity to file a written objection, and setting the petition for hearing or ruling" [*Id.*].

9.      L.R. 54.3(g) states that "[t]he court may on motion filed pursuant to this section, or on its own initiative, modify any time schedule provided for by this rule."

**IT IS HEREBY ORDERED:**

A.   Plaintiff's Motion for Entry of Judgment is GRANTED.  The entry of judgment against Defendant Anselmo is appropriate because "Rule 68 operates automatically, requiring that the clerk 'shall enter judgment' upon the filing of an offer, notice of acceptance, and proof of service." *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998). Defendant shall submit the judgment amount of $1,100.00 (payable to Plaintiff) to Plaintiff's counsel by 10/5/19;

2

B.  With regard to Defendant Anselmo's Motion For Instructions Pursuant to L.R. 54.3(g), the Court GRANTS Anslemo's Motion and orders that the parties are directed to comply with the requirements and deadlines set forth in Local Rule 54.3(b), (d), (e) and (f).  The Court DENIES the alternative relief set forth in Anselmo's Motion is otherwise inconsistent with the parties' obligations pursuant to Local Rule 54.3.

**SO ORDERED.**                                    **ENTERED: September 19, 2019**

_____
**HON. JORGE ALONSO**
**United States District Judge**

3